1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (ST. BAR #50246)
   220 Montgomery Street, Suite 303
3  San Francisco, CA  94104
   Telephone:  (415) 392-5431
4  Facsimile:  (415) 392-1978

5  Attorneys for Plaintiffs

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11
   BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA)  NO. C 07 3356 MEJ
12 FLOOR COVERING INDUSTRY WELFARE FUND; STEVE )
   HAVENS, TRUSTEE,                             )
13                                              )
                          Plaintiffs,           )  COMPLAINT
14                                              )
              vs.                               )
15                                              )
   PATRICK NEIL THOMPSON, also known as PATRICK)
16 THOMPSON, individually and doing business as)
   NEW BEGINNING FLOORS,                        )
17                                              )
                          Defendant.            )
18 _____)

19

20        Plaintiffs complain of defendant and for a cause of action

21 allege that:

22        1.   Jurisdiction of this Court is founded upon Section 301

23 (c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)]

24 and Section 502 of the Employee Retirement Income Security Act of

25 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C.

26 §1132), in that defendant has violated a collective bargaining

27 agreement and certain Trust Agreements, thereby violating the

28 provisions of ERISA and the provisions of the National Labor Relations

Act of 1947.  This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2.    Plaintiffs, Boards of Trustees of the Northern California Floor Covering Industry Welfare Fund (hereinafter "Trust Fund"), named in the caption are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145.  Plaintiff Steve Havens is a trustee.  Said Trust Fund is authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3.    Plaintiffs are informed and believe and thereupon allege that defendant, NEW BEGINNING FLOORS, resides and does business in Brentwood, California.  The collective bargaining agreement was entered into in San Jose, CA.  Performance of the obligations set forth therein is in this judicial district.

4.    Each and every defendant herein is the agent of each and every other defendant herein.  Defendants and each of them are engaged in commerce or in an industry affecting commerce.

5.    At all times pertinent hereto, defendant was bound by a written collective bargaining agreement with Carpet, Linoleum & Soft Tile Workers, Local 12, a labor organization in an industry affecting commerce.  The aforesaid agreement provides that defendant shall make contributions to the TRUST FUND, on behalf of defendant's employees on a regular basis on all hours worked, and that defendant shall be

1   bound to and abide by all the provisions of the respective Trust
2   Agreement and Declarations of Trust of said TRUST FUND (hereinafter
3   the "Trust Agreement").

4           6.   The Trust Fund relies upon a self reporting system.
5   Defendant has unique knowledge of the amounts of contributions that
6   they are liable to pay each month, and have a fiduciary obligation to
7   accurately report the amount to the Trust Fund.

8           7.   Defendant has breached both the provisions of the
9   collective bargaining agreement and the Trust Agreement above referred
10  to by failing to complete and send in monthly reports and/or to pay
11  all moneys due thereunder on behalf of defendant's employees to the
12  TRUST FUND.  Said breach constitutes a violation of ERISA (29 U.S.C.
13  1002, et seq.) and of the National Labor Relations Act of 1947.

14          8.   Defendant has failed and refused to pay in a timely
15  manner since August 2006.  Pursuant to the terms of the collective
16  bargaining agreement there is now due, owing and unpaid from defendant
17  to the TRUST FUND contributions for hours worked by covered employees
18  for the months of August 2006, September 2006 and December 2006
19  through to the present and liquidated damages and interest which are
20  specifically provided for by said agreements.  The total amount due
21  is unknown; additional monthly amounts will become due during the
22  course of this litigation and in the interest of judicial economy,
23  recovery of said sums will be sought in this case.   Interest is due
24  and owing on all principal amounts due and unpaid at the legal rate
25  from the dates on which the principal amounts due accrued.  The total
26  amount due in this paragraph is unknown at this time, except to the
27  defendant.

28          9.   Demand has been made upon said defendant, but defendant

1  has failed and refused to pay the amounts due the TRUST FUND or any

2  part thereof; and there is still due, owing and unpaid from defendant

3  the amounts set forth in Paragraph 8 above.

4      10.  An actual controversy exists between plaintiffs and

5  defendant in that plaintiffs contend that plaintiffs are entitled to

6  a timely monthly payment of trust fund contributions now and in the

7  future pursuant to the collective bargaining agreement and the Trust

8  Agreement, and defendant refuses to make such payments in a timely

9  manner.

10      11.  The Trust Fund does not at this time seek to audit the

11  books and records of defendant.  The only issue raised in this

12  complaint is defendant's failure to complete and file voluntary

13  monthly reports and pay the contributions due.  The Trust Fund seeks

14  to obtain a judgment for any outstanding delinquent contributions

15  based on defendant's reports and to reserve the right to audit

16  defendant for this or any other unaudited period.

17      12.  The Trust Agreement provides that, in the event suit

18  is instituted to enforce payments due thereunder, the defendant shall

19  pay court costs and reasonable attorneys' fee.  It has been necessary

20  for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,

21  as attorneys to prosecute the within action, and reasonable

22  attorneys' fee should be allowed by the Court on account of the

23  employment by plaintiffs of said attorneys.

24      WHEREFORE, plaintiffs pray:

25      1.  That the Court render a judgment on behalf of plaintiffs

26  for all contributions due and owing to the date of judgment based upon

27  unaudited reporting forms, plus liquidated damages provided for by the

28  contract, interest at the legal rate, reasonable attorneys' fees

1  incurred in prosecuting this action and costs.

2          2.  That the Court enjoin the defendant from violating the

3  terms of the collective bargaining agreements and the Trust Agreement

4  for the full period for which defendant is contractually bound to file

5  reports and pay contributions to the TRUST FUND.

6          3.  That the Court reserve plaintiffs' contractual right to

7  audit defendant for months prior to judgment, and in the event of such

8  audit, collect any additional sums which may be due.

9          4.  That the Court retain jurisdiction of this cause pending

10  compliance with its orders.

11          5.  For such other and further relief as the Court deems

12  just and proper.

13  DATED: June 26, 2007              ERSKINE & TULLEY
                                      A PROFESSIONAL CORPORATION
14

15
                                      By:/s/Michael J. Carroll
16                                        Michael J. Carroll
                                          Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
-5-